```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**CHARLES EUGENE MOORE, # 297332,** *
                                        *
    **Plaintiff,**                        *
                                        *
**vs.**                                          * **CIVIL ACTION NO. 19-00606-CG-B**
                                        *
**CAPTAIN BISHOP,** *et al.*,       *
                                        *
    **Defendants.**                   *

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Charles Eugene Moore, an Alabama state prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). For the reasons set forth below, the undersigned recommends that this action be **DISMISSED** due to Moore's repeated failure to prosecute and comply with the Court's orders.

### I.  Background

When Moore initiated this action,[1] he did not pay the filing fee or file a motion to proceed without prepayment of fees.

---

[1] The record reflects that Moore was incarcerated at Kilby Correctional Facility when he initiated this action. (See Doc. 1 at 9). The § 1983 prisoner complaint form Moore utilized specifically provides: "PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN ADDRESS E.G., RELEASED, TRANSFERRED, MOVED, ETC., FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO

Moreover, his complaint was not on this Court's current form for § 1983 prisoner actions. Accordingly, on September 5, 2019, the Court ordered Moore to re-file his complaint on the Court's current § 1983 prisoner complaint form, and to pay the filing fee or file a motion to proceed without prepayment of fees, by October 3, 2019. (Doc. 2). Moore was provided with a copy of this Court's form complaint for a § 1983 prisoner action and the form for a motion to proceed without prepayment of fees. (See id. at 2). Moore was cautioned that failure to fully comply with the Court's order within the prescribed time or to advise the Court of a change in his address would result in a recommendation that his action be dismissed without prejudice for failure to prosecute and to obey the Court's order. (Id.).

Moore responded by filing a copy of his prisoner financial statement on September 27, 2019. (Doc. 4). However, he neglected to file either a new complaint or a motion to proceed without

---

PROSECUTE AND TO OBEY THE COURT'S ORDER." (Id. at 8; see also Doc. 9 at 7). The Court's September 5, 2019 order also warned Moore that failure to advise the Court of a change in address would result in a recommendation of dismissal. (Doc. 2 at 2). Despite these warnings, the record reflects that Moore was transferred from Kilby Correctional Facility to Holman Correctional Facility in or about October 2019 but did not file a notice of change of address with the Court. (See Docs. 4, 8). The record further reflects that at some point between January 2020 and May 2020, Moore was subsequently transferred from Holman Correctional Facility to Limestone Correctional Facility. (See Docs. 15, 16). Once again, he failed to file a notice of change of address with the Court.

prepayment of fees as ordered. Due to Moore's failure to comply with the Court's order dated September 5, 2019, the undersigned, in a report and recommendation dated October 21, 2019, recommended that this action be dismissed without prejudice due to Moore's failure to prosecute and obey the Court's order. (Doc. 6). Moore objected to the recommendation of dismissal, and filed an amended complaint on the Court's current form as previously directed.[2] (Docs. 8, 9). He did not, however, pay the filing fee or file a motion to proceed without prepayment of fees as previously directed.

On November 19, 2019, the District Judge entered an order declining to adopt the report and recommendation, provided that Moore filed a complete motion to proceed without prepayment of fees by December 19, 2019. (Doc. 10). Instead of complying with the Court's order, Moore, on December 16, 2019, requested "an extension of time to pay partial fees." (Doc. 11). The Court denied Moore's request because it did not comply with the Court's order dated November 19, 2019.[3] (Doc. 12 at 3). The Court did,

---

[2] Although the Court did not receive Moore's new complaint until November 6, 2019, Moore dated the complaint "10/3/2019" and suggested that the new complaint had been timely completed but that, due to a "mistake", it was not sent to the Court until a month later. (See Docs. 8, 9).

[3] As noted *supra*, the Court's order dated November 19, 2019 did not direct Moore to pay a partial filing fee, but instead required him to file a motion to proceed without prepayment of fees by December 19, 2019. (See Doc. 10).

however, grant Moore another extension, until January 24, 2020, to file a motion to proceed without prepayment of fees. (Id.). Subsequent thereto, Moore filed *another* request for an extension of time to pay the filing fees and asserted that his family was preparing to pay the fee. (Doc. 13). The Court once again directed Moore to comply with previous orders by either filing a motion to proceed without prepayment of fees or paying the filing fee by January 24, 2020. (Doc. 14). Moore was warned that if he persisted in ignoring the Court's directives, his case would be dismissed. (Id.).

Finally, Moore filed a motion to proceed without prepayment of fees.[4] (Doc. 15). On June 2, 2020, the Court granted Moore's IFP motion and directed him to pay a partial filing fee of $11.50 by July 6, 2020. (Doc. 17). Moore was cautioned that his failure to comply with the order within the prescribed time would result in the dismissal of his action. (Id. at 2).

Moore did not pay the $11.50 partial filing fee by July 6, 2020, nor did he request additional time within which to do so. Additionally, his copy of the order was not returned to the Court as undeliverable. However, in an order dated July 17, 2020, the Court noted that the June 2, 2020 order requiring Moore to pay the partial filing fee had been mailed to Moore at Holman Correctional

---

[4] Moore's IFP motion was mailed to the Court from Holman Correctional Facility. (See Doc. 15).

4

Facility, despite the fact that his most recent filing (from May 2020) and the Alabama Department of Corrections' website indicated that he had been transferred to Limestone Correctional Facility. (See Doc. 18 at 1-2; see also Doc. 16).  Accordingly, the Court directed the Clerk to mail the June 2, 2020 order to Moore at Limestone Correctional Facility and ordered Moore to pay the partial filing fee by August 21, 2020.  (Doc. 18 at 2).  The Court cautioned Moore that his failure to comply with the order within the prescribed time would result in a recommendation that this action be dismissed.  (Id.).

To date, Moore has not paid the $11.50 partial filing fee, nor has he requested additional time to do so or provided any explanation for his failure to comply.  Additionally, neither of the Court orders directing Moore to pay the partial filing fee have been returned to the Court as undeliverable, and the Alabama Department of Corrections' website continues to reflect that Moore is incarcerated at Limestone Correctional Facility.

## II.  Discussion

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order.  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th

5

Cir. 1978)).[5]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

Moore's action is based on events that allegedly occurred at Fountain Correctional Facility on January 23, 2018.  In Alabama, the governing limitations period for all actions under 42 U.S.C. § 1983 is two years.  Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, any dismissal of Moore's action at this juncture be tantamount to a dismissal with prejudice.  See, e.g., Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

Both of these conditions are met in the present action.  Moore's failure to pay the initial partial filing fee as directed

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6

in the orders dated June 2, 2020 and July 17, 2020 is merely the continuation of his above-described pattern of ignoring, or partially or belatedly complying with, the orders of this Court and his obligations in prosecuting this case. Neither of the orders directing Moore to pay the partial filing fee have been returned to the Court as undeliverable, and the record reflects no attempts by Moore to comply with the orders or to explain why he is unable to do so. Thus, the Court finds that Moore's failure to pay the partial filing fee constitutes willful misconduct and continues Moore's clear record of delay.

The Court also finds that lesser sanctions would not suffice. Moore has ignored multiple Court directives in the face of repeated warnings that doing so would result in the dismissal of this action. Furthermore, given Moore's incarceration and IFP status, there is no indication that monetary sanctions would have any effect in inducing his compliance with the orders of the Court.

The undersigned notes that if Moore disputes the finding that he failed to comply with the Court's orders directing him to pay an initial partial filing fee by authorizing payment by prison officials, he must set forth in an objection to this report and recommendation the reasons for his failure to pay. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps

7

taken by a prisoner to comply with the order to pay a partial filing fee).

Upon consideration of the alternatives available to the Court, it is recommended that this action be **DISMISSED** pursuant to Rule 41(b) due to Moore's failure to prosecute and his clear record of delay and willful failure to comply with the Court's orders dated June 2, 2020 and July 17, 2020, as no lesser sanction will suffice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **September, 2020.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**